276 So.2d 868 (1973)
STATE of Louisiana
v.
James ALLEN, Jr.
No. 52027.
Supreme Court of Louisiana.
January 15, 1973.
On Rehearing March 26, 1973.
Rehearing Denied May 7, 1973.
*869 Joseph B. Dupont, Sr., DuPont & DuPont, Plaquemine, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Samuel C. Cashio, Dist. Atty., Joseph W. Cole, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Justice.
By Bill of Information, the State charged James Allen with manslaughter in connection with the death of Robert Lockett. The Court granted the defendant a preliminary hearing and, after the hearing, released the defendant on bail. The case came on for trial. On April 13, 1970, the jury returned a verdict of guilty. Later, the trial judge sentenced the defendant to a term of 15 years in Louisiana State Penitentiary.
The errors alleged relate to the failure to furnish defense counsel the evidence taken at the preliminary hearing upon his request at the trial, the denial of a continuance, voir dire examination of jurors, and the examination of witnesses.
We note initially that no formal bills of exceptions are in the record. It is true that the Court Reporter has transcribed and certified portions of the trial record relating to bills of exceptions. These transcriptions neither bear the trial judge's signature, nor are they bills of exceptions. LSA-C.Cr.P. Arts. 844, 845; State v. Miller, 146 La. 236, 83 So. 539 (1920); State v. Smith, 149 La. 700, 90 So. 28 (1921).
*870 Article 844 of the Louisiana Code of Criminal Procedure pertinently provides:
"The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845."
Article 845 stipulates:
"The court must sign the formal bills of exceptions, but may attach per curiam comments stating its reasons for the rulings. If the court refuses to sign a formal bill of exceptions, its refusal may be reviewed on a writ of mandamus."
In State v. Miller, supra, this Court held:
"It is well settled that the mere minute entry showing the reservation of a bill of exception in a criminal case cannot receive consideration in this court. The bill must be written out and signed by the judge."
Inasmuch as no bills of exceptions were perfected, our review is limited to error that is discoverable by an inspection of the pleadings and proceedings. LSA-C.Cr.P. Art. 920; State v. Hodges, 261 La. 1, 258 So.2d 851 (1972); State v. Judson, 261 La. 40, 258 So.2d 864 (1972).
Our review fails to disclose such an error.
For the reasons assigned, the conviction and sentence are affirmed.

ON REHEARING
TATE, Justice.
Our original opinion affirmed the conviction on the basis that, in the absence of formal bills of exceptions, the defendant's contentions of error could not be reviewed. We granted rehearing because formal bills of exceptions were in fact included in the record, although not located within the section of the record indexed as "Table of Bills of Exception".
The defendant was convicted of manslaughter, La.R.S. 14:31, and sentenced to fifteen years in the state penitentiary. Upon appeal he relies upon eleven perfected bills of exceptions. Of these, Bills Nos. 1 and 11 require the more extended discussion.

Bill No. 1
This bill was taken when the trial judge refused to order the clerk to furnish the defendant the copy or an original of the transcript of the testimony taken at a preliminary examination. The request was made on the date of the trial, which had been fixed a month earlier, and immediately after a motion for continuance had been denied.
The court refused to do so because the testimony had not been transcribed and, to do so, would require a delay of at least three days before commencement of the trial.
La.C.Cr.P. Art. 294 provides that a transcript of the witnesses at the preliminary examination "shall be made by the court or under its direction." La.C.Cr.P. Art. 295 provides that this transcript may be used for the purpose of impeaching or contradicting the testimony of witnesses at subsequent judicial proceedings.
The defendant contends he was prejudiced by the trial court's failure to order production of the transcript of the preliminary examination, since he was unable to have same available for cross-examining the state witnesses. The defendant correctly suggests he was not required to order this transcript in advance of the trial, since the state was under a mandatory duty to make and to furnish same. In denying the request, the trial court characterized this belated request for an unneeded transcript as principally a tactic designed to delay the trial.
We are not persuaded that reversible error is shown by an argument of counsel, *871 in advance of the trial, that cross-examination and impeachment of contrary witnesses might be impeded during the subsequent trial, in the absence of some showing that during the trial such prejudice was actually sustained.
The trial testimony was transcribed. No bill was reserved during the trial concerning any alleged discrepancy between the trial testimony of state witnesses and that given by them on preliminary examination, nor concerning any alleged impediment to impeachment of them due to lack of the transcript. The testimony taken at the preliminary examination was transcribed subsequent to the trial. The testimony of the two prosecution witnesses at the preliminary examination is substantially in accord with their testimony at the subsequent trial.
Under all of the circumstances, we cannot say that reversible error resulted from the failure to have the transcribed testimony of the preliminary examination available at the trial for use to impeach or contradict the testimony of the same witnesses at the trial on the merits.

Bill No. 11
This bill was reserved during the cross-examination of Mrs. Shaw, a chief prosecution witness, by the defendant's counsel. The witness, under gruelling cross-examination, started to berate defendant's counsel; she told him he was going to "badger me to death" and turned to the audience and stated, "Them people over there heard you. All of them heard you, all of them people."
The court reporter then noted: "At this point there were comments of corroborative nature from the spectators, the exact words of which the reporter was unable to discern."
Counsel for the defendant then requested that the courtroom be cleared or that a mistrial be declared. The motion was denied. Counsel then asked to have a record made. The court asked the jury if they heard any statements from the gallery, at which the reporter noted: "SEVERAL JURORS: Yes, sir, he did, I heard it."
Counsel for the defendant then asked for a mistrial. The court instructed the jury to disregard comments from anyone not on the witness stand, and admonished the audience not to dare to interject themselves in the trial or to make noise, upon penalty of being removed.
Counsel then asked the court to poll the jury as to which ones had heard the statements. The court refused to permit an examination of the jury.
Counsel reserved this bill as to the failure to declare a mistrial.
The general principles governing integrity of the criminal process "exclude influence or domination by either a hostile or friendly mob. There is no room at any stage of judicial proceedings for such intervention; mob law is the very antithesis of due process." Cox v. Louisiana, 379 U.S. 559, 562, 85 S.Ct. 476, 480, 13 L.Ed.2d 487 (1965). Hence, convictions may be vitiated by audience conduct which tends to influence the jury against the accused when such conduct infringes on his right to a fair trial. Cf., 23 C.J.S. Criminal Law § 970.
On the other hand, where, as here, improper audience behaviour is purely fortuitous and where the court takes immediate steps to quell it and to admonish the jury and the spectators to assure no prejudice to the accused, a mistrial may not be required if the audience misbehaviour may be reasonably viewed as not having unduly influenced the jury. State v. Warlick, 179 La. 997, 155 So. 460 (1934).
The trial court's per curiam indicated that the "indiscernible outcries" from the gallery "indicated sympathy" for the prosecution witness, who was ill and who indicated she might fall from the chair. As the per curiam noted, "The court immediately *872 corrected this outburst, admonished the jury, and admonished the courtroom... [T]here was no further disturbance or breach of decorum by the spectators."
Under the circumstances, we do not feel the trial court abused its discretion by refusing to declare a mistrial because of this momentary expression by members of the audience of sympathy for a sick witness. The audience was immediately admonished by the court, and the jury was told by the court to disregard this outburst.
In the absence of further showing that this unfortunate incident, isolated in duration, influenced the verdict of guilty, we are unable to hold that the trial court erred in denying the mistrial.

Other Bills
The remaining bills do not require extended comment.
The court did not abuse its discretion in denying a continuance, for the reasons noted in the trial court's per curiams. (Bill Nos. 2 and 3.)
The trial court did not err in sustaining an objection to defense counsel's question, during voir dire examination of prospective jurors, requiring them to resolve "all doubts you would have after hearing the evidence" in favor of the defendant's innocence. The jurors are required only to give the benefit "of every reasonable doubt", La.C.Cr.P. Art. 804, as the court instructed the jury. (Bill Nos. 4, 5, and 6.)
The defendant complains of some remarks of the prosecuting attorney and of the trial judge during voir dire examination. In our opinion, these remarks were not prejudicial and certainly do not constitute reversible error. (Bill Nos. 7 and 9.[1]) Nor is the ruling by the trial court limiting cross-examination of a state witness on the ground that the defense questions were redundant and repetitious. See La.R.S. 15:275 (as amended in 1966).

Decree
For the reasons assigned, the conviction and sentence are affirmed. However, since due to our failure on original hearing to discover the formal bills of exceptions in the record, thus necessitating defendant's application for rehearing to obtain review thereof, we expressly reserve the right of the defendant to apply for another rehearing as to the present decision. See Rule XI, Section 3, Rules of Supreme Court of Louisiana.
Affirmed.
BARHAM, J., concurs.
NOTES
[1] Bill No. 9 is so numbered in the table of bills of exceptions and in the briefs. Formal Bill No. 9 reiterates the alleged error described in Formal Bill No. 10.