MARCUS, Justice.*
Clifton Belton, Jr. was charged by bill of information with distribution of phenmetra-zine in violation of La.R.S. 40:967(A). After a bench trial, defendant was found guilty as charged and sentenced to pay a fine of two hundred fifty dollars and to serve five years at hard labor. The court suspended the imprisonment portion of the sentence and placed defendant on probation for five years. On appeal defendant relies on one assignment of error for reversal of his conviction and sentence.
Defendant contends the trial judge erred in denying his motion to quash the information on the ground that a transcript of the testimony of the witness at the preliminary examination was not made, thereby denying him the right to use it at the subsequent trial on the merits for the purpose of impeaching or contradicting the testimony of that witness and for appellate review of possible errors at the preliminary examination.
A preliminary examination was conducted on September 6, 1978, at which State Trooper George Walker testified that he had purchased phenmetrazine from defendant. The trial judge found probable cause to charge defendant with the offense. De *MCCCX fendant entered a plea of not guilty. Trial was fixed for November 27, 1978 and on that day defendant failed to appear for trial. A bench warrant was issued for his arrest and trial was reset for Monday, February 5, 1979. On the Friday before trial, defense counsel was informed at the judge’s office that there was no transcript of the preliminary examination. On the day of trial, defense counsel moved for a continuance based on the unavailability of the transcript. The motion was denied by the trial judge when it was learned that the testimony at the preliminary examination had not been recorded due to an inadvertent tape recorder malfunction. Defendant then moved to quash the information. During argument on this motion, the state offered to allow defense counsel to see the police report made by Trooper Walker, the state’s principal witness, and the prosecutor’s report and to talk with Trooper Walker prior to trial. Defense counsel did not avail herself of this offer. The motion to quash was denied by the trial judge and trial proceeded immediately thereafter. At trial, defense counsel thoroughly cross-examined Trooper Walker.
La.Code Crim.P. art. 294 provides that a transcript of the testimony of the witnesses at a preliminary examination “shall be made by the court or under its direction.” La.Code Crim.P. art. 295 provides that the transcript may be used for the purpose of impeaching or contradicting the testimony of witnesses at subsequent judicial proceedings.
While the state has a mandatory duty to make and to furnish defendant with a transcript of the preliminary examination for his use in impeaching or contradicting the testimony of the witnesses at subsequent judicial proceedings, the failure to do so is not reversible error absent a showing of substantial prejudice. La.Code Crim.P. arts. 298, 921; State v. Allen, 276 So.2d 868 (La.1973) (on rehearing).
In the instant case, defendant has failed to show any substantial prejudice as the result of the lack of a transcript of the preliminary examination. Defendant has not even alleged any inconsistencies between the testimony of Trooper Walker at trial and his testimony at the preliminary examination. Present appellate counsel for defendant represented him both at the preliminary examination and at trial. Her assertion that her memory was dulled by the passage of time ignores the facts that she did not avail herself of the state’s offer to make its prosecutor’s report and the witness’ police report available to her and to allow her to interview Trooper Walker prior to trial and that two and one-half months of the five-month delay between the preliminary examination and trial was caused by the failure of defendant to appear at his first trial date. Moreover, our examination of the record convinces us that defendant’s cross-examination of Trooper Walker was thorough and complete.[1]
This court has consistently held that errors alleged to have occurred at the preliminary examination are moot once defendant has been tried and convicted. State v. Stewart, 357 So.2d 1111 (La.1978); State v. Qualls, 353 So.2d 978 (La.1977); State v. Sheppard, 350 So.2d 615 (La.1977). Hence, defendant’s contention that he has been denied the right of appellate review of possible errors in the preliminary examination presents nothing for our review.
*MCCCXI In sum, we do not find that the trial judge erred in denying defendant’s motion to quash the bill of information.
DECREE
For the reasons assigned, defendant’s conviction and sentence are affirmed.

 Honorable JESSE N. STONE, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of TATE, J.

. The instant case is clearly distinguishable from State v. Benson, 368 So.2d 716 (La.1979), in which we reversed defendant’s conviction because the trial judge denied defendant’s motion for a continuance during which a transcript of the preliminary examination could have been made. There, the record contained no transcript of the preliminary examination and an incomplete transcript of the trial, preventing us from determining whether cross-examination and impeachment of the state’s witnesses were impaired by the lack of the preliminary examination transcript. Here, the transcript of the preliminary examination was not made as a result of a tape recorder malfunction. Hence, a continuance would have been of no avail. Moreover, the transcript of the trial is complete for review by us to determine whether defendant’s cross-examination and impeachment of Trooper Walker were substantially impaired by the lack of the preliminary examination transcript.