527 So.2d 377 (1988)
STATE of Louisiana
v.
Ronald MARSH.
No. KA 9009.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1988.
*378 William A. Marshall, Asst. Dist. Atty., New Orleans, for the State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GARRISON, BARRY and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Ronald Marsh, was charged with and convicted of a violation of LSA-R.S. 14:62.3, relative to unauthorized entry of an inhabited dwelling. He was sentenced as a second felony offender to serve four years at hard labor, without good time and without parole for one-half of his sentence.
On April 11, 1987, Maddie Connely lived at 3861 N. Dorgenois Street, Apt. A. At approximately 4:00 a.m. the defendant began knocking on the front door of her apartment and threatened to forcibly enter if she did not open the door. The defendant and Connely were acquaintances and the defendant had attempted to break into her apartment about one week earlier. Connely fled as the defendant "kicked-in" the door and entered the apartment. The victim ran to a neighbor's house and called the police.
On appeal, defendant's counsel has asked this court to review the record for errors patent. Our review of the record has revealed no errors patent.[1]
In addition, defendant has filed a pro se supplemental brief raising four claims. The first two claims relate to ineffective assistance of counsel. The third claim argues that he was falsely imprisoned because the District Attorney elevated the charges against him after he was initially arrested. The fourth claim contends that the evidence was insufficient to support his conviction for unauthorized entry.
As to the first two claims, the defendant does not provide any support for his claims that his attorney rendered ineffective assistance. It appears that defendant is complaining because the Indigent Defender filed an errors patent brief rather than raising certain claims he feels are meritorious. However, as will be discussed below, these claims are without merit. There is no reason why an attorney would raise or argue these claims before an appellate court.
The third claim argues that the District Attorney impermissibly elevated the charges against the defendant after he was arrested and that defendant was not read his Miranda rights. Apparently, the defendant was first arrested for criminal damage but was charged with unauthorized entry. First, there is nothing prohibiting a district attorney from charging a defendant with a greater crime when an investigation shows facts indicating a greater crime was committed. Also, whether the defendant was read his Miranda *379 rights is irrelevant in this present matter because no statement or confession of the defendant was introduced (or referred to) at trial.
By his last argument, the defendant contends that the evidence was insufficient to support the conviction because the only person testifying was the complainant. In effect, the defendant is requesting that the Court find that the complainant's testimony is not credible. However, it is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The evidence in the present case is sufficient to support the defendant's conviction for unauthorized entry.
Accordingly, defendant's conviction and sentence are affirmed.
NOTES
[1] The multiple bill states that the bill of information in the present matter was filed on May 15, 1987 when in fact it was filed on May 18, 1987. This error should not effect the validity of the multiple bill proceedings.