GARRISON, Judge.
The defendant, Gardner Taylor, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 (30.1). After a jury found the defendant guilty as charged, he was sentenced to eighteen years at hard labor. Defendant now appeals.
On May 4, 1986, at approximately 8:00 a.m., Officer Ronald Foley of the New Orleans Police Department responded to a call of a shooting at the intersection of South Liberty and Terpsichore Streets in New Orleans. Upon his arrival, he found the victim, Bobby Harrison, lying in the street critically wounded. The victim was still conscious at the time and told the officer that he was shot by a man who he knew only as “Peanut.” Harrison then lapsed into a coma and remained in that condition for two months. This shooting left Harrison paralyzed.
When Harrison recovered from the coma, he identified the defendant from a photographic lineup as the man who had shot him. According to Harrison, the two men had gone together to Marie’s Bar at Felicity and Magnolia Streets at approximately 2:00 a.m. and had left the bar together at daybreak. The two men walked to the defendant’s house, where the defendant instructed Harrison to wait outside until he returned. According to Taylor, after several minutes passed, he knocked on defendant’s door. Defendant answered and told Harrison to wait a little longer. About twenty minutes later, Harrison knocked on the door again. This time, defendant answered angrily and pulled out a gun. Harrison attempted to flee and the defendant fired several shots at him, one of which hit him in the back. An eyewitness to the incident, Earline Foster, identified the defendant at trial as the man who she saw shoot Harrison.
The defendant denied going to Marie’s Bar with Harrison but claimed that Harrison came to his door drunk and angry on the morning in question. He testified that he did not own a gun and that he did not shoot Harrison on May 4, 1986.
In defendant’s counsel’s only assignment of error, he requests a review for errors patent. A review of the record reveals none.
In the first assignment of error in defendant’s pro se brief, he argues that the trial court erred in allowing the State to introduce evidence of other crimes without giving him prior notice of its intent to do so as required by State v. Prieur, 277 So.2d 126 (La.1973). Furthermore, he claims that the jury should have been charged as to *96 the limited purpose for which this alleged Prieur evidence could be used.
A reading of the transcript reveals, however, that no evidence was introduced to show motive, system or intent as claimed by defendant. The State only introduced evidence of defendant’s prior convictions for purposes of impeachment which is clearly authorized by LSA-R.S. 15:495. Defendant admitted to a prior conviction for possession of a concealed weapon but denied an earlier battery conviction. Therefore, because this evidence was properly introduced for purposes of impeachment and not to show motive, system or intent, the State was not required by State v. Prieur, supra, to give the defendant notice that he would be questioned about his prior convictions. This assignment of error is without merit.
In his second assignment of error, the defendant argues that the trial court erred by giving incorrect instructions to the jury. Specifically, the defendant complains about the instructions regarding responsive verdicts. The record, indicates that the trial judge correctly listed the responsive verdicts for attempted second degree murder, i.e. (1) guilty; (2) guilty of attempted manslaughter; (3) guilty of attempted aggravated battery; and (4) not guilty. This claim is without merit.
The defendant also argues that the trial court erred in charging the jury as to the elements of attempted manslaughter and attempted aggravated battery because the evidence presented at trial did not support either of these crimes. However, the State presented evidence from both the victim and an eyewitness to the shooting which established that the defendant chased the victim and shot him. This evidence could have supported a verdict of attempted manslaughter or attempted aggravated battery as well as attempted second degree murder.
The defendant also contends that the trial court gave an insufficient jury charge regarding the concepts of presumption of innocence and reasonable doubt. The transcript of jury charges indicates that the trial court advised the jury as to reasonable doubt and the presumption of innocence as follows:
Now, if you entertain a reasonable doubt as to any fact or element that is indispensably necessary to constitute the defendant’s guilt, then it’s your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. And even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the defendant.
Now while the State must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt. Reasonable doubt is doubt based on reason and common sense and is present when after you have carefully considered all of the evidence, you cannot say that you are firmly convinced of the truth of the charge.
As to the reasonable doubt, this doubt must be just that, a reasonable one. That is one that if [sic] founded upon a real tangible, substantial basis. It must be such a doubt as would give reise [sic] to an uncertainty raised in your minds by reason of the unsatisfactory character of the evidence. A reasonable doubt is not a mere possible doubt. It’s an actual or substantial doubt. A reasonable doubt is a serious doubt, a doubt for which you can give a good reason. Now, if after giving a fair and impartial consideration to all of the facts in the case, you find the evidence is unsatisfactory or lacking upon any one single point that is indispensably necessary to constitute the defendant’s guilt, then this would give rise to a reasonable doubt such as would justify you in rendering a verdict of Not Guilty.
Now you must not resort to extraneous facts or circumstances in reaching your verdict, and you are not at liberty to adopt unreasonable theories or suppositions in considering the evidence in order to justify a verdict of conviction. You are to be governed by the evidence or the lack of it and the law as heard by you in this Court. And, if upon this, you find the accused guilty beyond a reasonable *97 doubt, your duty is to so announce by your verdict. If, on the other hand, a reasonable view of the evidence shows that the defendant is not guilty, then you should acquit him. (Jury Charge tr. 3-4)
Therefore, it is clear that the judge adequately advised the jury as to the concepts of reasonable doubt and the presumption of innocence. This assignment of error is without merit.
In the third assignment of error, the defendant argues that the trial judge erred by failing to admonish the jury in two instances. First, the defendant alleges that during the testimony of Earline Foster, the eyewitness to the shooting, the prosecutor explained why that witness was currently incarcerated over the defense counsel’s objection. However, the transcript of this witness’ testimony reveals that there was no objection made to this line of questioning. Therefore, the trial judge did not err in failing to admonish the jury in this instance.
In the second instance, the defendant argues that the trial judge erred in failing to admonish the jury during the State’s closing argument when the prosecutor allegedly spoke about the defendant’s lack of witnesses and the prosecutor’s intention to leave town if the defendant was found not guilty. A review of the transcript of the closing and rebuttal arguments does not substantiate defendant’s assertion that the prosecutor told the jury that he would leave town if the defendant was found not guilty.
As for the prosecutor’s alleged reference to the lack of defense witnesses, the transcript of closing and rebuttal arguments reveals that the prosecutor noted that the children of defendant’s girlfriend who allegedly were present on the morning of the shooting did not testify. During rebuttal, the prosecutor noted that defendant’s girlfriend, who was the only witness other than the defendant to testify as to the victim’s presence at defendant’s door on the morning of the shooting, was actually in another part of the house when the shooting occurred.
Both of these remarks by the prosecutor were merely restatements of the evidence presented at trial and, therefore, were proper. Further, because no objection was made at the time these statements were made, the defendant waived his right to object later. LSA-C.Cr.P. art. 841.
Therefore, this assignment of error has no merit.
In the fourth assignment of error, the defendant argues that the trial judge erred in allowing the prosecutor to complete an impermissible statement to the jury. According to the defendant, this allegedly impermissible statement was made during Earline Foster’s testimony and over the objection of defense counsel.
The defendant does not specify the statement to which he is referring. Only one objection was lodged during Foster’s testimony and no impermissible statements were made by the prosecutor for the remainder of Foster’s testimony. This assignment of error is without merit.
In the fifth assignment of error, the defendant argues that he received ineffective assistance of counsel. Specifically, he argues that his counsel failed to investigate his case prior to trial and failed to cross-examine Earline Foster, the eyewitness to the shooting.
In his argument that his counsel failed to investigate this case prior to trial, defendant alleges that had his counsel conducted a proper investigation, he would have learned that the defendant and the victim were not friends and that the defendant had been with his girlfriend earlier on the morning of the shooting rather than with the victim as the victim testified.
The defendant fails to show how either of these allegations, if established, changes the fact that both the victim and an eyewitness identified the defendant as the man who shot the victim. Therefore, any failure to investigate these facts did not unduly prejudice the defendant.
Defendant also contends that his counsel was ineffective because he failed to cross-examine the eyewitness to the shooting. Specifically, defendant argues that *98 this witness should have been questioned about her arrest for public drunkenness shortly before trial and about her motive for offering to testify. During the direct examination of this witness, she admitted that she was arrested on Mardi Gras day for public drunkenness and that she currently was being held at the Community Correctional Center. She also testified that no deals had been made to get her to testify. Therefore, defense counsel’s failure to cross-examine this witness did not render him ineffective.
Thus, because defendant failed to establish that his counsel’s performance was deficient and that the deficiency prejudiced the defendant, his claim of ineffective assistance of counsel is without merit. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In his sixth assignment of error, the defendant contends that the evidence presented at trial was insufficient to support a conviction for attempted first degree murder. This contention is correct. However, the defendant was charged and convicted of attempted second degree mürder.
Second degree murder is the “killing of a human being ... when the offender has a specific intent to kill or inflict great bodily harm.” LSA-R.S. 14:30.1. An attempt is defined by LSA-R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
Although the completed crime of second degree murder requires the specific intent to kill or inflict great bodily harm, a specific intent to kill must be present to support a conviction for attempted second degree murder. State v. Cass, 514 So.2d 589 (La.App. 4th Cir.1987)
In this case, both the victim and an eyewitness identified the defendant as the man who shot the victim once at close range, then chased him, firing two more shots which missed and firing a fourth shot which hit the victim in the back. Viewing this evidence in the light most favorable to the prosecution, the jury could have found that the defendant was guilty beyond a reasonable doubt of attempted second degree murder.
In his final assignment of error, the defendant alleges that the court reporter “mistranscribed the facts.” Because the defendant does not allege in what way the transcript is inaccurate, this assignment of error is without merit.
For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.