GARRISON, Judge.
The defendant, Edward Nelson, was charged by bill of information with one count of aggravated burglary, a violation of LSA-R.S. 14:60, and with one count of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. After waiving his right to a jury trial, the defendant was tried before the trial judge who found him not guilty on the aggravated burglary count and guilty as charged on the simple burglary of an inhabited dwelling count. Subsequently, the defendant was found to be a multiple offender and was sentenced to twelve years at hard labor to be served consecutively with sentences imposed in another case and with the first year to be served without benefit of parole, probation or suspension of sentence. Defendant now appeals.
On August 10, 1987, at approximately 12:15 p.m., Officer Clifford Maher of the New Orleans Police Department responded to a burglary call at 324 South Clark Street in New Orleans. When the officer arrived, neighbors informed him that a witness was in pursuit of the suspect. The officer found that the door to the house at 324 South Clark Street had been kicked in and glass from the door had been shattered. A description of the perpetrator was obtained by the police from the witness, Robert Davis.
Robert Davis testified that he was leaving his residence at 330 South Clark Street and driving down the street when he heard the sound of something breaking on his neighbor’s porch at 324 South Clark Street. Davis backed up his car to his neighbor’s house, got out of the car and saw a man carrying a bag and walking out of the front door onto the porch which was covered with shattered glass. When questioned by Davis, the man told him that he was looking for gardening work. According to Davis, the man then walked off with the bag in his hand. When Davis determined that the resident of the house, Doris Bernard, was not at home, he tried to catch the man but was unsuccessful. Doris Bernard returned home on August 10, 1987 and discovered that her home had been burglarized and that money and jewelry were missing.
When the defendant was arrested two days later in connection with another residence burglary in the same neighborhood, the police obtained a photograph of the defendant and included it in a photographic lineup which was presented to Davis. Davis selected the defendant’s photograph as that of the man who he saw emerging from Doris Bernard’s house on August 10, 1987. The defendant was subsequently *1078 charged with simple burglary of an inhabited dwelling.
In the only assignment of error argued by defendant’s counsel, he argues that the trial court erred in denying defendant’s requests for his preliminary hearing transcript made before and during trial. The State argues that the defendant was not prejudiced by the trial court’s denials of defendant’s requests for that transcript.
According to LSA-C.Cr.P. art. 294, the defendant in a criminal proceeding has a statutory right to a transcript of the preliminary hearing in his prosecution. However, the failure to provide the defendant with his preliminary hearing transcript is not a reversible error unless it is shown that the cross-examination and impeachment of prosecution witnesses were hampered at trial. State v. Benson, 368 So.2d 716 (La.1979); State v. Allen, 276 So.2d 868 (La.1973).
The prosecution witnesses who testified at the preliminary hearing in connection with the charge on which defendant was convicted and which conviction is the subject of this appeal also testified at trial in this matter. A review of the record reveals no discrepancies between their testimony at the preliminary hearing and their testimony at trial. Therefore, the defendant was not prejudiced by the failure of the trial court to provide him with his preliminary hearing transcript. This assignment of error is without merit.
Additionally, the defendant filed two pro se briefs in this matter in which he alleges seven assignments of error including the assignment argued by his counsel and discussed above. In the first pro se assignment of error, the defendant argues that the prosecution failed to rule out the possibility that the defendant had been misidentified and, therefore, there was reasonable doubt as to whether the defendant was guilty in this case.
According to the defendant, there was a discrepancy in the identification in that the police report prepared on the date of the photographic lineup described the defendant as having a beard while the initial police report and a witness at the preliminary hearing and trial described the defendant as unshaven. The defendant also claims that the photographic lineup was irregular because, allegedly, defendant’s photograph was in color while the other photographs were black and white.
A review of the exhibits in this case reveals that in the photographic lineup presented to the witness for the instant offense, only color photographs were used. Furthermore, the witness in this case, Robert Davis, positively identified the defendant at trial as well as in the photographic lineup. Therefore, the identification of the defendant in this case was proven beyond a reasonable doubt. This assignment of error has no merit.
In the second pro se assignment of error, the defendant claims that the prosecution failed to prove every essential element of the crime charged. Specifically, he contends that even if he were the person seen by Robert Davis on the front porch of Doris Bernard’s house, the evidence is insufficient to prove that he committed the theft and damage in that house because he could not have had enough time to search three rooms and cause the damage that resulted in the time that it took Davis to back up his car and walk up to the Bernard house after hearing the sound of shattering glass. Therefore, he claims that someone else must have burglarized the house.
LSA-R.S. 14:62.2 states, in part:
“Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure, used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.”
In this case, Robert Davis saw the defendant exit the front door of Doris Bernard’s house with a bag in his hand. Bernard testified that the defendant was not authorized to be in her house and that money and jewelry were missing from her house. Clearly, the evidence presented at trial was sufficient to prove beyond a reasonable *1079 doubt that the defendant was guilty of simple burglary of an inhabited dwelling. This assignment of error is without merit.
In the third pro se assignment of error, the defendant argues that he was denied effective assistance of counsel on appeal because his counsel allegedly did not raise any assignments of error on appeal. Defendant is incorrect in his assertion that his counsel did not raise any assignments of error; clearly, his counsel’s brief raises one assignment of error. Furthermore, it is not incumbent upon counsel to raise and argue claims which have no merit. State v. Marsh, 527 So.2d 377 (La.App. 4th Cir.1988), writ denied at 532 So.2d 130 (La.1988). Because the defendant fails to assert any claims which have merit, his claim that his appeal counsel was ineffective because of failure to raise assignments of error on appeal is also without merit.
In pro se assignments of error four and six, the defendant argues that he was denied a fair trial by the trial judge’s refusal to provide the defense with a copy of the preliminary hearing transcript and by the State’s failure to provide the defense with a fingerprint analysis favorable to the defense and with access to photographs of the defendant taken on the date of his arrest.
As stated above in the discussion of the assignment of error raised by defense counsel, the defendant was not prejudiced by the trial judge’s failure to provide him with his preliminary hearing transcript.
As for the fingerprint analysis, the trial testimony indicated that the crime lab report stated negative results as to identifiable fingerprints in this case. This evidence could not have helped the defendant’s case; therefore, he was not prejudiced by his counsel’s failure to see the report. This claim has no merit.
Defendant also claims that he was denied a fair trial because he was not provided with photographs taken of him on the date of his arrest. In his brief, he claims that in photographs taken of him on August 12, 1987, the date of his arrest, he has a full beard. He claims that the description given to police by Robert Davis on August 10, 1987, the date of the burglary of the Bernard house, was that the perpetrator had an unshaven face.
The photograph of the defendant which was used in the photographic lineup was taken four months prior to the offense. That photograph, which was identified by Davis, shows the defendant to be very unshaven with an almost full beard. Clearly, a slightly fuller beard would not have made such a significant difference in defendant’s appearance so as to change his identity. Furthermore, the witness easily identified the defendant at trial when he was fully shaved. This claim has no merit.
Finally, in pro se assignment of error five, the defendant claims that the state failed to introduce any evidence showing that the crime in question occurred in Orleans Parish. The eyewitness to the crime, Robert Davis, referred to Clark Street as being the street where the burglary occurred and as being in Orleans Parish. Officer Clifford Maher’s testimony indicated that Clark Street is within the First District of the New Orleans Police Department. Clearly, the evidence established that the crime occurred in Orleans Parish. This claim has no merit.
Therefore, for the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.