564 So.2d 1269 (1989)
STATE of Louisiana
v.
Louis WRIGHT.
No. 89-KA-0122.
Court of Appeals of Louisiana, Fourth Circuit.
September 28, 1989.
On Rehearing July 17, 1990.
Harry F. Connick, Dist. Atty. and Janet Ahern, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Donald O. Pinkston, New Orleans, for defendant-appellant.
Before GARRISON, PLOTKIN and BECKER, JJ.
*1270 GARRISON, Judge.
Appellant in the case at hand, Louis Wright, was found guilty as charged to distribution of cocaine. He was sentenced to ten years at hard labor, fined $380.00 and assessed court costs of $159.00 or thirty days in lieu thereof. Mr. Wright has now brought this appeal alleging five assignments of error as follows: the trial court erred in denying the defendant's Motion to Quash in contravention of the Code of Criminal Procedure, Article 701; the trial court erred in denying the defendant his Right to a Preliminary Examination in violation of Louisiana Constitution (1974), Article 1, Section 14; defendant contends that the evidence upon which his conviction rests is insufficient to support a finding of guilty "beyond a reasonable doubt", in contravention of the U.S. Supreme Court holding in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and the Louisiana Supreme Court's holding in State v. Mussall, 523 So.2d 1305 (1988); the prosecution erred in shifting the burden of proof to the defense, before the trial jury, denying defendant due process and equal protection of the law, in violation of his Fourteenth Amendment rights guaranteed by the U.S. Constitution; the trial court erred in imposing an excessive sentence on the defendant, and by failing to comply with Article 894.1(C).
On September 24, 1987, Officer Salvant of the New Orleans Police Department was conducting an undercover narcotics investigation in New Orleans, Louisiana. While driving down Hickory Street, he was flagged down by a man later identified as Freddie Hancock. Officer Salvant then pulled over to the side of the road where Mr. Hancock offered to supply the officer with whatever sort of drugs he desired. Officer Salvant then indicated that he wished to purchase a $20.00 bag of cocaine, whereby Mr. Hancock motioned for the defendant, Louis Wright to come to the automobile. Mr. Wright approached the car, asked the officer if he wanted a $20.00 bag, opened a match box and handed the officer a packet of white powder which later tested positively for cocaine. The officer handed Mr. Wright a twenty dollar bill and drove away. The bill's serial number and denomination had been recorded by Officer Salvant at an earlier time. After driving away, Officer Salvant radioed a description of both men to a back-up team, who subsequently arrested the suspects. The recorded twenty dollar bill was found on Mr. Hancock's person.
Officer Salvant then drove by the scene and positively identified Mr. Hancock and Mr. Wright as the men who had participated in the aforementioned transaction. This positive identification was also repeated at trial.
A review of the record reveals no errors patent.
The defendant's first assignment of error is that the trial court erred in denying the Motion to Quash based on the failure to bring him to trial timely. In writ number 88-K-1264, this Court reviewed the trial court's denial of the defendant's motion to quash and found no error. Because the defendant has already been afforded a reasonable opportunity to be heard and because no new evidence has surfaced since the first ruling by this court, we will not again review the same ruling on the same evidence. State of Louisiana v. Denis, 468 So.2d 12 (La.App. 4th Cir.1985).
The defendant contends that he was denied the right to a preliminary examination. As with his first assignment, above, writ 88-K-0791 was denied by this Court as the record indicated that the preliminary hearing was held.
In his third assignment of error, the defendant contends that the evidence used to convict him was insufficient. Specifically he alleges that there was an insufficiency as only Officer Salvant witnessed the sale and, no drugs or money were found on his person. This argument is without merit.
The appellate court should not reevaluate the credibility of witnesses but only determine under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), if evidence was sufficient. State v. Marsh, 527 So.2d 377 (La.App. 4th Cir. 1988). When reviewing for sufficiency of *1271 evidence under Jackson, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Fuller, 414 So.2d 306 (La. 1982).
Officer Salvant positively identified defendant as the man who sold him a substance which was later tested and revealed to be cocaine. This testimony, taken in the light most favorable to the prosecution, is sufficient. In State v. Christy, 509 So.2d 829 (La.App. 1 Cir.1987) writ denied, 513 So.2d 296 (La.1987), the First Circuit found that evidence consisting only of a positive identification of the defendant by an undercover police officer as a man who had sold him narcotics was sufficient evidence.
Defendant next contends that the State impermissibly shifted the burden of proof to the defense when the prosecutor stated: "You know, Mr. Pinkston [defense counsel] has to create a reasonable doubt for you." The defense made no objection to this statement at the time, nor did he request an admonishment to the jury.
The above remark does not fall within the confines of C.Cr.P. art. 770, which sets forth those remarks which are deemed to be of such a prejudicial nature that a mistrial must be granted. It is plausible that the disputed statements fall within the perimeters of C.Cr.P., art. 771. C.Cr.P. art. 771 controls situations wherein prejudicial comments outside the ambit of art. 770 occur. Under art. 771, upon motion of the defendant the trial court shall admonish the jury to disregard the improper remark, or in the discretion of trial court, order a mistrial. However, where the defense fails to object to a comment, any errors regarding that comment cannot be raised on appeal. State v. Taylor, 533 So.2d 94 (La.App. 4th Cir.1988); State v. Fernandez, 499 So.2d 1220 (La.App. 4th Cir.1986) rev'd on other grounds, 513 So.2d 1185 (La.1987); C.Cr.P., art. 841.
Defendant's final assignment of error is that the trial court failed to comply with the sentencing guidelines of C.Cr.P. art. 894.1 and that defendant's sentence of ten years at hard labor was excessive.
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering". State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La. 4th Cir. 1985). In reviewing a sentence, it is incumbent for a reviewing court to determine whether the trial judge adequately complied with the sentencing guidelines set forth in C.Cr.P., art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La. 1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). Although a judge need not specifically recite each of the factors listed in C.Cr.P., art. 894.1, the record must reflect that he adequately considered the sentencing guidelines and that there is adequate factual basis for the sentence imposed. State v. Soco, supra.
Defendant was convicted of distribution of cocaine, a violation of R.S. 40:967. The minimum sentence he could have received was five (5) years at hard labor; the maximum sentence is thirty (30) years at hard labor. The defendant's actual sentence of ten years is well below the statutory maximum.
Prior to sentencing, the defense presented testimony from the defendant's mother that defendant took care of her by cleaning the house, doing yard work and grocery shopping. The defendant in his brief contends that his sentence is excessive because the trial court failed to consider any of the mitigating factors such as defendant's history, health, the hardship imprisonment would entail for himself or his dependant's, or any other mitigating factors listed in C.Cr.P. art. 894.1.
At sentencing, the trial court stated that none of the mitigating factors of art. 894.1 applied in this case. We do not find the trial court to be in error in this conclusion.
*1272 Given adequate compliance with art. 894.1, we must now determine whether the sentence imposed is too severe in light of this particular defendant and the circumstances of this case, keeping in mind that the maximum sentences should be reserved for the most egregious violators of the offense so charged. Brogdon, supra; Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
In the cases of State v. Fernandez, 489 So.2d 345 (La.App. 4th Cir.1986) and State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984), the courts upheld a ten year sentence for possession of cocaine with intent to distribute, stating in each case that 10 years was a relatively light sentence. Similarly in State v. Herrington, 512 So.2d 607 (La.App. 3rd Cir.1987) a sentence of ten years was upheld for a first offender convicted of possession of cocaine with intent to distribute.
In light of these cases, we find that the defendant's sentence of ten years for distribution of cocaine is not excessive. We affirm his conviction and sentence.
AFFIRMED.
PER CURIAM.
We granted a rehearing in this matter to reconsider our original ruling that defendant had received a preliminary hearing.
Reviewing the defendant's claim on the merits, we do not believe that he is entitled to the relief sought on the showing made.
The primary function of a preliminary hearing is to insure the existence of probable cause in order to hold the accused in custody. State v. Johnson, 529 So.2d 466 (La.App. 2 Cir.1988). In the case of State v. Rickie Washington, 363 So.2d 509 (La.1978), the Louisiana Supreme Court held that even though denial of the defendant's motion for preliminary examination was erroneous, the issue had become moot after his conviction, absent a showing of prejudice.
The defendant in the case at hand has failed to show any prejudice. Based on Washington, supra, we believe that the issue became moot upon the defendant's conviction, even if he was improperly deprived of a preliminary hearing.
Accordingly, we affirm our original decree, upholding the defendant's conviction and sentence.
CONVICTION AND SENTENCE AFIRMED.