ARMSTRONG, Judge.
The. defendant, Gina Caracci, was charged by bill of information with making harassing telephone communications, a violation of R.S. 14:285. The defendant was placed on probation and fined. The defendant appealed to the Appellate Division of Criminal District Court which remanded the case to the trial court for resentencing after the trial judge rendered a verdict in the case. Following the trial judge’s verdict of guilty and resentencing, the defendant appealed to the Appellate Division of Criminal District Court. On April 2, 1990, the Appellate Division affirmed the defendant’s conviction and sentence. It is from this ruling that the defendant now files the present writ application.
By the defendant’s sole assignment of error, she contends that the State failed to prove that the offense occurred in Orleans Parish.
All trials shall take place in the parish where the offense has been committed unless venue is changed. La. Const. Article I § 16; C.Cr.P. art. 611. Prior to its 1988 Amendment (which became effective after the defendant’s trial), C.Cr.P. art. 615 provided that the State has the burden of proving proper venue beyond a reasonable doubt. The defendant correctly notes that the State did not ask any of the witnesses whether the offense occurred in Orleans Parish. In fact, there was no testimony introduced at trial that this offense occurred in Orleans Parish or whether the phone calls were made or received in Orleans Parish. R.S. 14:285(B) provides:
*1282 Any offense committed by the use of a telephone as set forth in this section shall be deemed to have been committed at either the telephone call or telephone calls originated or at the place where the telephone call or calls were received.
In the present case, Exhibit S-4 was introduced at trial. This exhibit, which is contained in the record from Criminal District Court, is a typewritten statement by the victim which indicates that the victim’s residence is 401 Country Club Drive in New Orleans, Louisiana. The victim gives his phone number as 482-4401. The victim states; “Ms. Caracci admitted to me that she had been placing the hang-up calls to my residence.” Furthermore, Dr. Boos testified at trial that the harassing telephone calls were made to the “482-4401 number”, the telephone number given by Dr. Boos as his residence number.
In State v. Hayes, 414 So.2d 717 (La.1982), the court used the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to determine whether the State proved venue beyond a reasonable doubt. In that case, the witnesses testified that the offenses occurred at certain addresses on Airline Highway, although they did not specifically state the parish in which they occurred. The court held that viewing the evidence in the light most favorable to the prosecution, reasonable jurors could have concluded that the offenses occurred in East Baton Rouge Parish. The court found that since the jurors must have been residents of East Baton Rouge Parish, they would be acquainted with the Parish and would recognize the names of the streets within the parish. See also State v. Nelson, 562 So.2d 1076 (La.App. 4th Cir.1990); State v. Nelson, 543 So.2d 1058 (La.App. 4th Cir.1989).
Applying this rationale to the present case, the State satisfied its burden of proving beyond a reasonable doubt that the offense occurred in Orleans Parish. This assignment is without merit.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
Accordingly, this writ application is denied.
WRIT DENIED.