NORRIS, Judge.
Appellant Vernon V. Foster was charged with aggravated crime against nature, a violation of LSA-R.S. 14:89.1, and with simple kidnapping, a violation of LSA-R.S. 14:45. In exchange for a guilty plea on the aggravated crime against nature charge, the state dropped the kidnapping count. R. p. 63. After a rather extensive presen-tence hearing, the trial court imposed a sentence of ten years at hard labor, without benefit of parole, probation or suspension of sentence, and with credit for time already served. Foster now appeals, urging the inadmissibility of certain testimony at the presentence hearing and the exces-siveness of the sentence. We affirm.
Briefly put, the thirty-nine year old appellant, while out walking one summer afternoon, came upon three boys, aged seven to nine, riding their bicycles. He walked up to them, spoke and offered to buy them soft drinks at the 7-11 Store. Two of the boys declined and rode off; the victim, however, accepted, and followed him first to the 7-11 and then to Foster’s apartment. Once inside, Foster offered the boy five or ten dollars if he could “keep a secret”; he induced the boy to remove his clothes and performed fellatio on him. When he asked the boy to do the same to him, the boy grew frightened, whereupon Foster al *1256 lowed the boy to dress, led him back downstairs, showed him the swimming pool, and bought him a Coke. The entire transaction lasted forty-five minutes, during which time the victim’s playmates had alerted his parents, who in turn summoned the police, who promptly arrested appellant in the lobby of his apartment building.
On appeal, appellant has urged three assignments of error, which we group into two distinct issues.

ISSUE NO. 1: Admissibility of parole officer’s statement

(Assignment No. 2)
In this assignment, Foster claims the trial court erred in allowing the Probation and Parole Officer, who had prepared the presentence investigation (PSI), to testify, at the sentencing hearing, to facts or personal opinions that were outside his expertise and detrimental to the appellant. Since defense counsel lodged timely objection to this testimony concerning the PSI, the issue is properly before us now. See State v. Summers, 461 So,2d 348 (La.App. 2d Cir.1984).
The disputed statement was the Parole Officer’s conclusion that the seven-year old boy would suffer long-term effects as a result of the crime. Defense counsel objected, claiming that the witness was neither qualified nor admitted as an expert in child psychology or psychiatry. LSA-R.S. 15:463-466.
We note that in the imposition of a sentence, the trial court may draw from extensive sources of information. The traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Washington, 414 So.2d 313 (La.1982); State v. Moore, 442 So.2d 726 (La. App. 1st Cir.1983). Thus we do not consider admission of the officer’s uninformed opinion to be error.
We are likewise unable to find admission of this opinion testimony to have been unduly prejudicial. Defense counsel successfully elicited a number of qualifications and retractions from the officer. The officer admitted, for example, that he had only interviewed the victim’s mother, not the victim himself (R. p. 117); that in fact the victim’s mother had not perceived any outward signs of emotional damage (R. p. 118, 121); that in any event, emotional damage manifests itself “in some cases, yes, and in others, no” (R. p. 126); and that certain health care professionals had not recommended long-term incarceration for Foster (R. p. 119). We feel that these admissions circumscribed the officer’s initial conclusion and certainly offset any prejudice it may have created.
We also note that before the officer compiled the PSI, defense counsel sent him a list of character witnesses and health care experts to consult in preparing the report. The officer apparently complied with this unusual request. In fact, several of the character witnesses appeared and testified at the presentence hearing. These included a lady who attends Foster's Mormon Church, knows defendant and has never noticed any deviant behavior on his part toward her young sons; a therapist and ex-priest from Shreveport Family Counseling Associates, who felt that Foster was contrite and unlikely to repeat his criminal conduct; and the program coordinator from the Alcohol-Drug Rehab Unit at Schumpert Hospital, who emphasized that Foster’s larger problems of alcohol and drug dependency could be controlled with continued treatment. There were also letters from the health care professionals who thought that a jail term would be inappropriate for Foster. R. p. 75, 119.
Considering all the contrary evidence available to the trial court, and considering the trial court’s apparent disregard of the officer’s recommendation of a maximum sentence, the admitted testimony was not unduly prejudicial.
This assignment lacks merit.

ISSUE NO. 2: Excessive sentence

(Assignments 1 & 3)
In these assignments, Foster contends the trial court erred by failing to consider the mitigating factors and by imposing a *1257 sentence of ten years at bard labor without benefit of probation, parole or suspension of sentence.
The maximum penalty for violation of LSA-R.S. 14:89.1 is imprisonment at hard labor without benefit for fifteen years. The statute also carries a minimum sentence of three years at hard labor without benefit. A sentence within the statutory limits may nevertheless violate the constitutional guarantee against excessive punishment. LSA-Const. Art. I § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence will not be set aside as excessive absent a manifest abuse of the sentencing judge’s great discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. art. 894.1 provide the criteria for determining whether a sentence is excessive. State v. Sepulvado, supra; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983).
In the instant case, the trial court fully complied with article 894.1, to the extent of considering the factors item-by-item. He emphasized the gravity of the offense, noting that a lesser sentence would deprecate the seriousness of the crime. His further assessment that a custodial environment would be helpful to appellant is not wrong, in light of the fact that Foster has made some progress in the structured surroundings of the CDC. The trial court noted that the first factor, undue risk of subsequent crime, was not present. R. p. 131-132.
In mitigation, the trial court noted the substantial grounds tending to excuse the conduct. The grounds were the serious emotional problems and chemical dependency traits that have plagued Foster throughout his adult life. At the time of the offense, Foster had just lost his job; this somewhat unnerved him as well. The court also noted, under Factor 7, that Foster had only one prior conviction, for indecent behavior with a juvenile, stemming from a homosexual affair with a fifteen year old boy when Foster himself was only seventeen (about twenty-three years ago). Under Factors 8 and 9, dealing with circumstances and attitudes tending to encourage further crime, the trial court said the evidence weighed neither in favor of, nor against, the appellant. The overriding consideration seems to be that Foster is sexually disoriented and sometimes lapses into indiscreet, deviant behavior. None of the other mitigating factors applied.
Given the seriousness of the offense, the benefit derived from the plea bargain, and the inconclusiveness of the mitigating factors on which Foster relies so heavily in brief, we find the sentence wholly commensurate with the offense. It does not shock our sense of justice. State v. Bonnano, 384 So.2d 355 (La.1980); State v. Bosley, 454 So.2d 1245 (La.App. 2d Cir.1984). These assignments lack merit.
Accordingly, appellant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.