SCHOTT, Judge.
The defendant was convicted of aggravated crime against nature in violation of LSA-R.S. 14:89.1 and sentenced to twelve *1222 years at hard labor without benefit of parole, probation or suspension of sentence.
On March 29, 1983 the defendant had a fight with his former girlfriend and broke her hand. When her eight year old daughter heard about the incident she told her mother that she had also been “hurt” by the defendant. She said that during an earlier visit with the defendant’s stepdaughter she and the defendant were left alone in his trailer, and he forced her to have oral sex. The mother estimated the incident happened around November 17, 1982.
Defendant and his wife testified that the child, her mother, and several others attended a party at their trailer on November 18, 1982 but the child was never alone with the defendant. Defendant also testified that he and the mother had lived together prior to the child’s birth, that she had told him he was the child’s father, and that she forced the child to lie because of her animosity toward him.
ASSIGNMENTS OF ERROR 1, 2, 3 and 4
By these assignments defendant complains of statements and rulings made by the trial judge during counsel’s voir dire examination of the prospective jurors. Specifically he complains because the judge interrupted him and ruled his statements out of order while he was apologizing to the jurors for being late; because the judge interrupted a lengthy question or statement of counsel and referred to it as a “Fourth of July speech”; and because the judge indicated to the jurors that the prosecutor’s explanation of the law was superior to defense counsel’s with the result that there was a suggestion by the judge that defendant was guilty.
The scope of voir dire examination is within the discretion of the judge. C.Cr.P. art. 786. Nonetheless, defense counsel must be affored an opportunity to probe the minds of the jurors to assist him in exercising challenges. State v. Ford, 489 So.2d 1250 (La.1986). In order to determine whether defendant’s right to a fair voir dire was violated the appellate court must examine the entire voir dire.
While it is arguable that the trial judge afforded less latitude to defense counsel when he began his voir dire than he afforded the prosecutor, as the voir dire went on he allowed defense counsel to question the jurors freely. The transcript as a whole demonstrates that defendant was not deprived of a complete and fair voir dire. As to the specific incidents mentioned above, the judge’s reaction to counsel’s apology for being late and his reference to the “Fourth of July” speech may have been inappropriate and intemperate, but they did not produce reversible error. Coming as they did at the very beginning of the voir dire long before the trial commenced and even longer before the jury began deliberating; and considering the relatively trivial nature of these remarks in the context of a trial in which the defendant was charged with such a serious and shocking offense; these rulings had no effect on the trial’s outcome. As to counsel’s assertion that the judge suggested the defendant was guilty, the record does not support this charge. The judge did curtail counsel’s discourse to the jury on the law but with no suggestion whatsoever as to defendant’s guilt. The judge’s curtailment of counsel’s remarks was a legitimate exercise of the discretion vested in the trial judge to control voir dire. C.Cr.P. art. 786.
ASSIGNMENTS OF ERROR 7 and 8
By these assignments defendant contends the trial court erred by refusing to allow defense counsel to question his own witness about a prior inconsistent statement.
The victim’s mother testified that she had an argument with defendant and he broke her hand the night before her daughter told her about defendant’s attack on her. She also admitted that nine or ten years previously she had lived with him. However, she testified the relationship was “completely over with” and she characterized herself as “friends with him and his wife.” She also admitted she went trawl *1223 ing with him in November, the month when the crime allegedly occurred. At this point she was asked whether she had sex with him when they were out trawling and she denied it. Defense counsel next asked, “Do you recall giving a signed statement to ...”; and he was cut off by an objection by the prosecutor and the court’s sustaining the objection.
Since this witness was called by defendant he was precluded from impeaching her unless he was surprised or she showed hostility toward him. R.S. 15:487. Hostility turns on a showing that the witness’s interest is on the side opposite the party who called her. State v. West, 437 So.2d 256 (La.1983). Under this test there can be no question but that this witness was hostile to defendant. Thus, defense counsel was entitled to impeach her by means of the prior statement. R.S. 15:493 enumerates the steps to be taken when this device is used, and defense counsel was embarking on this procedure when he was cut off. However, R.S. 15:494 provides that it is not competent to impeach a witness as to collateral facts or irrelevant matter.
This witness had not been called by the state which was relying wholly upon the testimony of the victim to prove the case. Defendant’s purpose in calling the witness was to establish that she was so antagonistic toward him that she led her daughter to make this charge against him. If we suppose that the statement (which was not proffered and is not a part of our record) contained an admission by the witness that she did have sex with the defendant around the time of the offense, this would prove she lied when she denied having sex with him at that time. But would this destroy her credibility otherwise? And, if so, how would this help the defendant since he called her as his witness anyway. In the final analysis it is difficult to view the matter of her having or not having sex with defendant in November as anything but a collateral fact or an irrelevancy. Thus, it was properly excluded.
ASSIGNMENT OF ERROR 9
By this assignment defendant contends the trial court committed prejudicial error by allowing a police officer to testify as to what the victim told him about the assault on her. This officer interviewed the child on the afternoon of the day when she reported the assault to her mother. The alleged crime had occurred four months previously.
In State v. Anderson, 450 So.2d 684 (La.App. 4th Cir.1984), writ den. 452 So.2d 696 (La.1984) we examined and discussed at length the admissibility of testimony by a third person of statements made to him by a child-victim. We found that the state failed to prove that this was the child’s first reasonable opportunity to make the complaint or that the complaint was the product of a shocking episode even though the time lapse between the incident and the complaint was four days. In the instant case where the time lapse was four months between incident and complaint and the child was continuously with her mother there is no basis to reach a conclusion unlike Anderson’s. The testimony was inadmissible and should have been excluded.
However, as in Anderson the inquiry does not end here. If the officer’s testimony was merely cumulative of other evidence there is no justification for a reversal of the conviction. For us to conclude that the admission of the statement constituted harmless error we must be able to conclude, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict. State v. Banks, 439 So.2d 407 (La.1983).
In the instant case, this child, who was ten years, nine months of age at the time of the trial, was the first and only fact witness called by the state. She gave detailed testimony about the things she was made to do and those defendant did to her. The officer was called as a witness for the defendant and was asked a number of questions about the child’s statement to him which brought her close in time and at the scene of the alleged crime but which stopped short of what happened. On cross *1224 examination the prosecutor picked up with the child’s statements to the officer of the details of the attack. Pretermitting the question of whether the defendant had waived his right to object to the prosecutor’s questions once he opened the door to the officer’s statement in the first place, there can be no reasonable doubt that the officer’s statement did not contribute to the verdict. It was a repetition of what the child testified to in person. The jury had to be convinced by the child’s live description of these sordid events. The officer’s testimony added nothing.
We reached the opposite result in Anderson because the child-victim herself admitted that the adults around her had told her how to testify and had rehearsed her testimony a number of times; and because the timing of the hearsay testimony at the trial was the same as in the Banks case. These considerations are not present here. This assignment is without merit.
ASSIGNMENT OF ERROR 12
This assignment concerns this statement by the trial judge during defense counsel’s argument: “If the court made an error, it would be subject to review on appeal.” Although this was an improper, objectionable comment, no objection was made in accordance with C.Cr.P. art. 841; so that it cannot be considered on appeal.
ASSIGNMENT OF ERROR 14
By this assignment defendant argues there was insufficient evidence to convict him of an aggravated crime against nature. He points to the child’s uncertainty about the date and some minor inconsistencies and inaccuracies in her testimony, and argues the jury should have believed him and his wife and not the child. Nonetheless, this child gave a detailed description of acts of cunnilingus and fellatio she was forced to engage in by the defendant. It was within the province of the jury to determine credibility. Our role is to determine whether, viewing the evidence in the light most favorable to the prosecution, the jury could have found defendant guilty beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986). From our review of the testimony we are satisfied that the evidence was sufficients» support the conviction.
ASSIGNMENT OF ERROR 15
By this final assignment defendant contends his sentence was excessive. The record shows that the trial judge considered defendant’s presentence investigation and a medical report on his physical condition; and he enumerated aggravating as well as mitigating factors so that C.Cr.P. art. 894.1 was complied with.' Defendant’s twelve year sentence was three years less than the maximum authorized by R.S. 14:89.1, but it is not disproportionate when compared to other similar cases such as State v. Vanderhoff, 415 So.2d 190 (La.1982) where defendant was sentenced to ten years upon conviction for forcing a nine year old girl to perform oral sex; and State v. Foster, 467 So.2d 1254 (La.App. 2d Cir. 1985) where defendant was sentenced to ten years upon conviction for enticing a young boy to commit oral sex. We have likewise concluded that the sentence was within the discretion afforded the trial judge in sentencing.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.