699 So.2d 418 (1997)
STATE of Louisiana
v.
Samuel Lee BANKS, Defendant Appellant.
No. CR95-1210.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1997.
*419 Gerald Henderson, Charles F. Wagner, Dist. Atty., for State.
Katharine Geary, Alexandria, for Samuel Lee Banks.
Before THIBODEAUX, SAUNDERS and AMY, JJ.
SAUNDERS, Judge.
This case comes to us on remand from the Louisiana Supreme Court. On April 3, 1996, this court reversed the defendant's conviction and remanded the case to the district court for a new trial. State v. Banks, 95-1210 (La.App. 3 Cir. 4/3/96); 677 So.2d 455. On April 18, 1997, the supreme court reversed this court's decision and remanded the case for consideration of the defendant's remaining assignments of error.
The defendant, Samuel Lee Banks, was charged by bill of indictment filed on February 6, 1995, with one count of aggravated crime against nature in violation of La.R.S. 14:89.1. The defendant entered a plea of not guilty on March 14, 1995. After trial by jury held June 14 and 15, 1995, the defendant was found guilty as charged by a unanimous verdict. The defendant was sentenced on June 20, 1995, to twelve years at hard labor without benefit of probation, parole or suspension of sentence. On June 21, 1995, the defendant filed a Motion to Reconsider Sentence, followed by a First Supplemental and *420 Amending Motion to Reconsider Sentence filed on July 7, 1995. Both motions were denied without hearing on July 10, 1995. We will now address the defendant's remaining assignments of error.

FACTS
On January 22, 1994, the defendant solicited a child, date of birth April 5, 1979, to engage in an act of oral sex with the defendant for compensation. The solicitation took place at the YMCA, where the defendant was a basketball coach. The victim also played basketball at the YMCA, but the defendant was not his coach.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.
The record indicates the trial court did not give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of the sentence. Thus, we amend the sentence to reflect that the defendant is given credit for time he served prior to the execution of the sentence and remand this case to the trial court ordering it to amend the commitment and minute entry of the sentence to reflect credit for time served in conformity with La.Code Crim.P. art. 880. See La.Code Crim.P. art. 882(A); State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.

ASSIGNMENT OF ERROR NO. 2
The defendant claims the trial court erred in permitting hearsay testimony regarding an initial report of the solicitation when the solicitation did not amount to sexually assaultive behavior. Margaret White, the sports director at the YMCA, was allowed to testify over defense objection as to a conversation she had with the victim regarding the defendant. According to Ms. White, the conversation took place one night in the middle of January. When asked what the victim told her, Ms. White stated the following:
James came to me, said he needed to speak to me by myself. We went in the office. James said thatcame to me and said that Coach Banks caught him in the dressing room, asked for oral sex, said he would pay him money. I'm not real sure about the money. I remember a couple of different figures, I don't know which one I heard first.
The defendant argues this testimony should not have been admitted since it was not an initial complaint of sexually assaultive behavior. The defendant argues the following:
This case involves a solicitation for sex acts rather than sexually assaultive behavior. Assault is defined as an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. LSA-R.S. 14:36. In this case, Mr. Banks is charged by Bill of Information with committing the Crime Against Nature "by soliciting a child DOB 4-5-79, with the intent to engage in unnatural carnal copulation for compensation". (Record 9). The solicitation is not an attempt to commit a battery nor does it place another in reasonable apprehension of receiving a battery. Further, the boy did not appear to be in reasonable apprehension of receiving a battery. He testified that "you know I can defend myself". (Record 65). In fact, the boy rode home with Mr. Banks that day and was apparently in no great fear of Mr. Banks.
We conclude that the trial court did not err in allowing Ms. White's testimony. This court dealt with a similar issue in State v. Roger, 616 So.2d 830 (La.App. 3 Cir.), writ denied, 623 So.2d 1303 (La.1993). This court stated the following:
Defendant claims that there was no "sexually assaultive behavior", nor any act or conduct of a sexual nature proven. However, we note that the comments to Code of Evidence art. 801(D)(1) state, in pertinent part:
The provision uses the term "sexually assaultive behavior" as a general expression that is not intended to be restricted to the technical definition of "assault" *421 given in R.S. 14:36. As used in this provision, "sexually assaultive behavior" includes the types of conduct prescribed, for example, by R.S. 14:41 (rape), R.S. 14:42 (aggravated rape), R.S. 14:42.1 (forcible rape), R.S. 14:43 (simple rape), R.S. 14:43.1 (sexual battery), R.S. 14:43.2 (aggravated sexual battery), R.S. 14:80 (carnal knowledge of a juvenile), R.S. 14:81 (indecent behavior with juveniles), R.S. 14:81.1 (pornography involving juveniles), R.S. 14:81.2 (molestation of juvenile), R.S. 14:89 (crime against nature), R.S. 14:89.1 (aggravated crime against nature), R.S. 14:27 (attempt of any of the foregoing offenses). This enumeration is intended to be illustrative and not exclusive.
There is no need for actual physical contact for the actions of a person to be considered sexually assaultive behavior within the purview of La.C.E. art. 801(D)(1)(d).
Id. at 833.
For these reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
The defendant did not argue this assignment. Failure to argue an assignment of error constitutes a waiver of that error. Uniform RulesCourts of Appeal, Rule 2-12.4. Therefore, the defendant's assignment is deemed abandoned.

ASSIGNMENTS OF ERROR NOS. 4, 5, AND 6
The defendant combined these assignments in his brief. In Assignment of Error No. 4, the defendant claims the trial court erred in considering the fact that Mr. Banks was in a position of trust or authority as an aggravating factor for sentencing when he did not have a position of trust or authority over this particular child. In Assignment of Error No. 5, the defendant claims the trial court erred in imposing a sentence that is constitutionally excessive. By Assignment of Error No.6, the defendant claims the trial court erred in failing to consider the Sentencing Guidelines or any other circumstances or factors other than that the defendant was in a position of authority. The defendant filed a Motion to Reconsider Sentence on June 21, 1995, and a First Supplemental and Amending Motion to Reconsider Sentence on July 7, 1995, alleging in part the same claims raised in his assignments. Both motions were denied without a hearing on July 10, 1995.
In the present case, the trial court stated the following when sentencing the defendant:
Mr. Banks you were found guilty by unanimous decision of the jury. I have given this matter a great deal of attention and much reflection. The case is kind of disturbing to me because you are supposed to be in a position of trust. A position of authority over these children. That's what makes it even worse. The children are supposed to be able to look up to you. They're supposed to be able to look to their coach and their teacher for advice and guidance. But you instead you put pressure on some of these children, at least one that we know of to have sex.
Some children are taught to listen and do whatever the coach or teacher requests or asks. But in your case you were asking this young man to have sex for your own pleasure. Some parents teach their kids to avoid strangers. As a matter of fact in this case I kind of wish that was a situation of being a stranger.
But it's people like you that make parents have to teach children not to trust any one, their coach, their teacher. It is this role, this position that you heldit's very easy for you to control and manipulate these children because they are innocent. You are in a position of being the one to tell them what to do and what not to do.
All the children in Rapides Parish are my children. And when I refer to my children, I refer to all of them. They are all my children. And I refuse to allow you or anyone else to put pressure on my children to have sex. Whether it be by solicitation, whether it be by force, or whether it be by fraud.
Having said all this it is the sentence of the Court that you be remanded to the *422 Department of Corrections for a period of twelve years.
....
That's without benefit of probation, parole, or suspension of sentence.
At the time this defendant was sentenced, June 20, 1995, the Louisiana Supreme Court's decision of State v. Smith, 93-0402 (La.7/5/94); 639 So.2d 237, on rehearing, controlled the sentencing of defendants. Smith required the trial judge to consider the Sentencing Guidelines and then state for the record those considerations taken into account and the factual basis for the sentence. There is no indication that the trial court considered the Guidelines in the present case. Thus, according to Smith, this case would have to be remanded for resentencing of the defendant. However, the Louisiana Sentencing Guidelines were repealed by Act No. 942, § 3, of the 1995 Legislative Session. The repeal became effective August 15, 1995. New requirements for sentencing were added in La.Code Crim.P. art 894.1. As found in State v. Ruiz, 96-386, 96-387 (La.App. 3 Cir. 11/6/96); 684 So.2d 48, a sentencing court's failure to consider the Sentencing Guidelines, as required at the time the defendant was sentenced, does not now warrant remand for resentencing, as the new sentencing scheme no longer requires consideration of the Guidelines. Article 894.1 now requires the trial court to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." We find that the trial court articulated a basis for the sentence imposed, and therefore, the case should not be remanded for resentencing for failure to consider the Guidelines. Thus, defendant's Assignment of Error No. 6 lacks merit.
The defendant also claims that his sentence is excessive (Assignment of Error No. 5) and that the trial court should not have considered the defendant as one in a position of authority over the victim. (Assignment of Error No. 4) The defendant claims his sentence is excessive as to him individually. He also claims the sentencing range for aggravated crime against nature is excessive when compared to other crimes.[1] We will first address the defendant's claim that his sentence is excessive as to him individually.
The trial court in the case sub judice sentenced the defendant to twelve years at hard labor without benefits. The trial court assessed great weight to the fact that the defendant was in a position of trust and authority over the victim. The defendant claims the trial court erred in considering that fact as an aggravating factor since the defendant was not the victim's basketball coach. However, even though the defendant was not the victim's basketball coach, he was a basketball coach at the same YMCA where the victim played basketball; thereby placing the defendant in a position of trust and authority over the victim. The defendant abused this position by soliciting oral sex from the victim for compensation. Thus, the defendant's claim in Assignment of Error No. 4 (the trial court erred in considering the defendant to be in a position of trust and authority over the victim) is without merit.
Although not explicitly stated as an aggravating factor, the trial court implied the defendant may have committed the same crime against other children. The trial court may have been considering the fact that the defendant was arrested in New Orleans on similar charges. Although the record does not indicate that a Presentence Investigation Report was done, the trial judge could have obtained this information from the newspaper article which was the subject of this court's original reversal.
Even considering the above aggravating factors, we find that the sentence imposed upon the Defendant is excessive. The jurisprudence clearly indicates that to constitute an excessive sentence this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. *423 State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Everett, 530 So.2d 615 (La. App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982). However, maximum sentences are reserved for the most egregious offenders. State v. LeBlanc, 578 So.2d 1036 (La.App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993).
As previously mentioned, Defendant was convicted of aggravated crime against nature pursuant to La.R.S. 14:89.1(A)(6). La.R.S. 14:89.1(A)(6) provides as follows:
A. Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
....
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
La.R.S. 14:89 crime against nature provides as follows:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
La.R.S. 14:89 crime against nature contains two subparts and in the present case Defendant was convicted for soliciting another human being with the intent to engage in any unnatural carnal copulation for compensation, rather than the completed act envisioned by La.R.S. 14:89(A)(1). His crime was enhanced to aggravated crime against nature due to the fact that the victim was under the age of seventeen and Defendant's age exceeded the victim's by three years.
Under our general attempt statute, La. R.S. 14:27, a solicitation would be considered an "attempt" and as such, could carry a sentence of up to one-half that of the commission of the principal crime. Under La. R.S. 14:89, a solicitation is itself the principal crime and can carry the maximum sentence. Nevertheless, a review of the statute clearly shows that a solicitation, without more, such as we are here dealing with, is a great deal less heinous crime than we typically see in cases reported under La.R.S. 14:89. State v. Smith, 94-3116 (La.10/16/95); 661 So.2d 442; State v. Bolton, 408 So.2d 250 (La.1981); State v. Fernandez, 499 So.2d 1220 (La.App. 4 Cir.1986), rev'd on other grounds, 513 So.2d 1185 (La.1987).
In the present case, no sex of any kind took place. The victim was not threatened or pressured; the victim was at no time put in fear of any kind. The victim testified that he comfortably accepted a ride home from the defendant after the incident. This is not the type of crime that should receive the higher range of punishment. A sentence of twelve years under the facts of the case before us makes no measurable contribution to acceptable penal goals and is so grossly disproportionate to the severity of the crime as to shock our sense of justice.
Consequently, we find that the Defendant's sentence should be set aside and we remand the case for resentencing to the trial court. Additionally, we note under the facts of this case, anything more than seven and one-half years would be unconstitutionally excessive.
The defendant also argues that his sentence is excessive in relation to punishment for other crimes, namely aggravated battery, sexual battery, aggravated sexual battery, intentional exposure to the AIDS virus, indecent behavior with juveniles, and molestation of a juvenile. However, we are inclined to agree with the State's response to this claim. The State cites State v. Baxley, 94-2982 *424 (La.5/22/95); 656 So.2d 973. In Baxley, the defendant was charged with crime against nature. The defendant claimed the sentencing provision for that statute was unconstitutionally excessive on its face. Finding the sentencing provision constitutional on its face, the Baxley court stated:
Nothing in our constitution "requires a close similarity or proportionality in penalties solely because both crimes deal with sexual immorality." [State v.] Ryans, 513 So.2d [386] at 388 [(La.App. 4 Cir.1987)] (emphasis added). Furthermore, the legislature may, in its discretion, deem one form of conduct more offensive to the public's morals than another, and punish that conduct more severely. In the present case, the legislature has determined that solicitation for "unnatural carnal copulation" is more offensive than solicitation for "indiscriminate sexual intercourse." Clearly, this determination is within the province of the legislature. If the definition of a crime or the penalty are not reflective of current societal values, it is for the legislature, not the courts, to reflect this change.
Id. at p. 10-11; 656 So.2d at 980 (footnotes omitted).
For these reasons, we find the sentencing range for aggravated crime against nature is not unconstitutionally excessive. Thus, Assignment of Error No. 5 lacks merit.

DECREE
For the foregoing reasons, the defendant's conviction is affirmed. However, Defendant's sentence is vacated and remanded to the trial court for resentencing in accordance with the instructions noted above. Additionally, we remind the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.
AMY, J., dissents.
NOTES
[1] Although the defendant does not assign the unconstitutionality of La.R.S. 14:89.1 as an error, the defendant attacks the sentencing range for that statute in his brief. Therefore, this court sent a letter to the Attorney General's Office on January 31, 1996. A brief was not yet received.