# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-391 c/w 05-392

**STATE OF LOUISIANA**

**VERSUS**

**G.M.W.**, **JR.**

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 72,949 c/w 72,951
HONORABLE J. P. MAUFFRAY, JR., DISTRICT JUDGE

**********

**J. DAVID PAINTER
JUDGE**

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

**AMENDED AND AFFIRMED.**

**Edward K. Bauman
LOUISIANA APPELLATE PROJECT
Post Office Box 1641
Lake Charles, LA 70602-1641
Counsel for Defendant-Appellant:**
      **G.M.W., JR.**

**Steven P. Kendrick
ASSISTANT DISTRICT ATTORNEY
Post Office Box 1940
Jena, LA 71342
Counsel for Plaintiff-Appellee:**
      **State of Louisiana**

**PAINTER, Judge.**

Following a trial by jury, Defendant was convicted of two hundred and sixty counts of aggravated incest, in violation of La.R.S. 14:78.1. He was sentenced to twenty years at hard labor on each count. Defendant appeals, asserting that his sentences are excessive. For the following reasons, we amend the Defendant's sentences to reflect that diminution of sentence is denied pursuant to La.R.S. 15:537 and affirm the sentences as amended.

## FACTUAL AND PROCEDURAL BACKGROUND

The State filed two separate indictments under separate docket numbers, 72,949 and 72,951, against Defendant. Each bill of indictment charged Defendant with one hundred and thirty counts of aggravated incest, in violation of La.R.S. 14:78.1. Defendant was accused of having sex with his two minor daughters between June 1, 2001 and May 23, 2003. On September 15, 2004, a jury found him guilty as charged on all counts, and the court later sentenced him to twenty years at hard labor on each count. In docket number 72,949, the sentences for counts one and two were made consecutive, with the remaining counts concurrent. In docket number 72,951, the court ordered the same sentencing scheme. Thus, the total time to be served for the sentences under both docket numbers would be eighty years.

Defendant immediately moved for reconsideration of sentence, which was denied. He then filed a motion for appeal in open court. He now seeks review from this court, asserting that his sentences are excessive. For the reasons that follow, we disagree.

## DISCUSSION

At the outset, we note that, at sentencing, the trial court stated that it was denying the Defendant eligibility for diminution of sentence in accordance with

1

La.R.S. 15:573.3(C)(4)(E). The trial court had no authority to deny the Defendant diminution of sentence under the statute cited; however, the trial court was required to deny the Defendant diminution eligibility under La.R.S. 15:537(A), which *requires* that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated incest. We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences. Thus, we amend the Defendant's sentences to reflect that diminution of sentence is denied pursuant to La.R.S. 15:537 rather than La.R.S.573.3 as stated by the trial court.

We turn now to Defendant's sole assignment of error in which he argues that his sentences are excessive. Defendant made an oral motion to reconsider sentence at the trial court. He alleged the sentences were excessive, but did not elaborate. Therefore, he has preserved only a bare claim of excessiveness for review. *State v. Mims*, 619 So.2d 1059 (La.1993).

The governing statute, La.R.S. 14:78.1(D), states: "A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term of not less than five years nor more than twenty years, or both." Thus, on each individual count, Defendant received the maximum sentence.

This court has previously explained the appropriate analysis for excessive-sentence claims:

> La. Const. art. I, §20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

2

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

In its reasons for sentencing, the trial court stated:

So, the testimony that I heard was basically that between those two dates, a period of almost two years that regularly and with regularity on those occasions when either one of your daughters was not having a menstrual period that you would on alternating days, it would appear, have sexual intercourse with [S.W.] and then have sexual intercourse with [M.W.]. And I'm not exactly sure when these occurred or exactly what cycle you had set them on, but I'm certain and I believe their testimony that that's basically what you did. That you set these two girls up as your respective spouses, your wives and on the occasions when they were not suitable for sexual intercourse because they were having their menstrual period at that time you would then engage them in oral sex where they primarily would perform fellatio on you to ejaculation from what I can understand from the testimony that I heard. No, so, basically, what we've got here is a father who is taking his two young daughters and has made them basically his wives without their lawful consent or even without their willing consent even though well, I never heard any testimony that they were willing to do this, so, — even though legally because they are under age and also, as a matter of fact, because they didn't want to, you still used your position of authority as their father to make them do these things that they didn't want to do. In other words, you took their childhood and their virginity away from them permanently and forever without their consent, without their wanting to, and basically you did everything you possibly could without actually shooting them, stabbing them, beating them, or doing anything like that to make them suffer the pain of knowing that they would be that way for the rest of their life and basically just in common parlance mess them up for good. That's what you did. Now, I can't give you the death penalty. I know that because the law doesn't permit me to. So, I won't because I can't. But if I could, and if a jury said so, I would. That's how awful,

3

heinous, gross, and every other word that I can think of and that you can think of that I haven't thought of and everybody in this room can think of — despicable, you name it, that's you. That's you. That's what you did. That's the way you acted. And that is not okay. Now, I'm gonna say based on the testimony that there probably were more than 130 counts and more than 130 occasions with each of these girls that what happened happened. [Sic.] Because if you do the math simply you come up with that number. You know, a year is 365 days except in a leap year, where it's 366 and we do have two girls here. And there's only 130 counts, but I'm going to say that the evidence probably would indicate to me that of those 130 counts for which you were found guilty that on each of these bills probably on the frequency that was testified to we're talking about 100 vaginal sexual intercourses and 30 oral sexual intercourses, that's about the right proportion given what I know about the human menstrual cycle. . . . Okay. In considering this particular thing, I've gotta also look at Article 894.1, in deciding what sentence should be imposed. And Article 894.1(A) provides that when a defendant has been convicted of a felony or misdemeanor the court should impose a sentence of imprisonment if any of the following occurs: Two, — and I'm reading two because I don't really think that number one applies. There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime — I think your crime was one of opportunity and I don't think your children are ever gonna give you another opportunity for you to do that to them. But, two provides: The defendant is in need of correctional treatment or a state of environment that can be provided most effectively by his commitment to an institution. I find that as a fact. Two, a lesser sentence will deprecate, that is make the sentence I'm gonna give you deprecate the seriousness of your crime. If I give you a lesser sentence it will deprecate what you did. B: The following grounds, while not controlling the discretion of the court shall be accorded it's weight in determinations of it's suspension of sentence of probation. First of all, I'm not gonna give you a suspended sentence. You're not entitled to a suspended sentence. You're entitled to the most maximum kind of sentence that I can give to you because of what you did. You did it and I'm merely saying what it deserves. That's the way we need to view this. One, the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim. I think it did. You've got two helpless daughters who primarily have to count on their parents for their safety and security and instead of counting on you for their safety and security, you raped them orally and vaginally repeatedly over a period of almost two years in succession. The offender knew or should have known the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth — and, of course, age, disability, or ill health don't count — but, extreme youth does. That's sub-paragraph B(2). That also applies here. You've got two kids. Two children that fall into that category. Four, the offender used his or her position or status to facilitate the commission of the offense. If they wouldn't have been in your house, this wouldn't have happened. You were their father. You used your status and

4

position as their father to commit this offense. That's what you did. And, of course, you used threats of actual violence to keep them quiet. That's really what you did. You had to keep them quiet otherwise you'd be found out. And if you were found out then this — what's happening to you right now — would've happened to you and is gonna happen to you. I find no mitigating circumstances which are contained in B(22) through 33. So, what's appropriate in this particular case? Well. I don't remember the name of the case and I don't remember exactly how it was said but I'm gonna paraphrase it that the worst or the maximum sentences are due to those offenders who violate the law in the worst or most offensive kind of way. And that's you.

We are mindful of the principle that maximum sentences are typically reserved for the worst offenders. *State v. Banks*, 95-1210 (La.App. 3 Cir. 6/25/97), 699 So.2d 418. Although the sentences total five-thousand two-hundred years, the majority of them were made concurrent so that Defendant is subject to only eighty years of confinement. Defendant stands convicted of two-hundred and sixty counts so that it stands to reason that a lengthy total sentence would follow from such a high number of convictions. Further, based on the disgusting nature of his crimes, the ongoing pattern of criminal conduct, and the fact that he used physical threats to help hide his crimes, we agree with the trial court's conclusion that Defendant is the worst sort of offender. Therefore, pursuant to *Barling*, 799 So.2d 1035, and the jurisprudence cited therein, we are unable to conclude that the trial court abused its broad discretion in sentencing this Defendant. The sentences do not fall outside of jurisprudential norms, do not shock the conscience, and are not excessive.

## DECREE

For the foregoing reasons, we amend the Defendant's sentences to reflect that diminution of sentence is denied pursuant to La.R.S. 15:537 and affirm the sentences as amended.

**AMENDED AND AFFIRMED.**