**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0736

STATE OF LOUISIANA

VERSUS

ROBERT ANDREWS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 05-CR-129485-A,
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion,
Judges.

SENTENCE AFFIRMED AS AMENDED; REMANDED WITH
INSTRUCTIONS.

**Michael F. Kelly**
**First Assistant District Attorney**
**Twelfth Judicial District**
**Post Office Box 528**
**Marksville, LA  71351**
**(318) 253-5815**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Michael A. Brewer**
**Attorney at Law**
**1330 Jackson Street**
**Alexandria, LA  71301**
**(318) 443-4006**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Robert Andrews**

PETERS, J.

The defendant, Robert Andrews, pled guilty to the offense of carnal knowledge of a juvenile, a violation of La.R.S. 14:80. He now appeals the ten-year hard labor sentence imposed upon him for his conviction of that offense. For the following reasons, we affirm the sentence in all respects.

Louisiana Revised Statutes 14:80(A)(1) provided at the time of the offense that "[f]elony carnal knowledge of a juvenile is committed when . . . [a] person who is nineteen years of age or older has sexual intercourse, with consent, with a person who is twelve years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender . . . ." The defendant received ten years at hard labor, the maximum incarceration sentence that may be imposed for a conviction of felony carnal knowledge of a juvenile. *See* La.R.S. 14:80(D).

The undisputed facts upon which the trial court based its sentence were provided through the proceedings wherein the defendant entered his plea and through the presentence investigation report provided to the trial court thereafter. The record before us establishes that the offense occurred in 2003, at a time when the defendant was married to the victim's aunt. At the time of the offense, the defendant was at least thirty-six years old[1] and the victim was fourteen. As a result of the sexual encounter, the victim became pregnant and ultimately gave birth to the defendant's child.

In its oral reasons for sentencing, the trial court noted that the defendant was in a position of trust when the offense occurred and further concluded that his guilty plea was based more on the DNA evidence against him than true remorse for his actions. The trial court further noted that the victim's statement in the presentence

_____

[1]The defendant was born on November 29, 1967.

investigation report reflected that sexual relations between the defendant and herself occurred on at least two other occasions. In her statement, the victim indicated that the defendant would telephone her on her cellular telephone at two o'clock in the morning, that she would allow him to enter her bedroom through the window, and that they would then engage in sexual activities. The first two incidents occurred before her fourteenth birthday. The victim also stated that the defendant had his nine-year-old son deliver correspondence to her and that he gave her a ring, promising to take her away from her current situation when she reached the age of eighteen.

At the sentencing hearing, the defendant's wife informed the trial court that the defendant was a hardworking man who provided for her four children, his two children, and a nephew. However, noting the victim's statement concerning the defendant's promise to her, the court discounted the wife's statements, noting that the defendant planned "to abandon them in four or five years anyway."

In summarizing the defendant's actions, the trial court noted that the defendant's actions were not spur of the moment. The trial court noted that the defendant "cultivated" his relationship with the victim and "groomed her" for his personal desires. The trial court further noted that the defendant's prior actions had been the subject of a grand jury investigation which ultimately resulted in the grand jury returning a no true bill. Despite not being prosecuted for what later turned out to be accurate charges, the defendant continued his pursuit of the victim.

Immediately before sentencing the defendant, the trial court recognized that the defendant was a hard worker, that he had both adults and minors who depended on him for support, and that he did not have a substance abuse problem. The trial court further noted that it had considered the sentencing guidelines in La.Code Crim.P. art.

894.1(A) and found the third of those guidelines listed to be of particular importance—that a sentence less than ten years would "deprecate the seriousness of the defendant's crime." Furthermore, the trial court stated that it considered the factors set forth in La.Code Crim.P. art. 894.1(B) and found a number of them (both aggravating and mitigating) applicable, including La.Code Crim.P. art. 894.1(B)(2), (4), (11), (12), (21), (26), (28), (29), and (31).

After the trial court sentenced the defendant to serve ten years at hard labor, the defendant filed a motion to reconsider the sentence wherein he asserted only that "this sentence is excessive." After the trial court rejected this motion, the defendant perfected this appeal. In his only assignment of error, the defendant argues that "[t]he trial court erred in imposing a constitutionally excessive sentence in violation of Article 1, Section 20 of the Louisiana Constitution."

In considering this assignment of error, we first note that, because the defendant did not assert with any specificity the grounds upon which he alleged his sentence to be excessive, we must limit our review on appeal to a bare claim of excessiveness. *See State v. Mims*, 619 So.2d 1059 (La.1993).

This court, in *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, stated the following concerning the reviewing court's role in excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to [...] cruel[, excessive,] or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of

3

sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In considering whether a particular sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has stated:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1[, 3] (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La. 5/30/03), 845 So.2d 1061.

In the matter now before us, the defendant received the maximum incarceration sentence provided by La.R.S. 14:80, and we recognize that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. In imposing the maximum sentence, the trial court gave significant consideration to the factors set forth in La.Code Crim.P. art. 894.1 and concluded that the aggravating factors far outweighed the mitigating factors.

As obviously did the trial court, we find that the defendant's offense is one of the most serious of violations and that the defendant has shown himself to be one of the worst offenders. This was not a single instance of passion derived from a

particular moment or set of circumstances, but a concerted effort by the defendant to pursue a thirteen-year-old child for his own sexual pleasure. We find no merit in the defendant's assignment of error.

In reviewing the record pursuant to our obligation under La.Code Crim.P. art. 920, we find one error patent on the face of the record. This error involves the trial court's failure to deny the defendant diminution of his sentence for good behavior.

Louisiana Revised Statutes 15:537(A) provides that any person who pleads guilty to felony carnal knowledge of a juvenile and is sentenced to imprisonment for a stated number of years "shall not be eligible for diminution of sentence for good behavior." In sentencing the defendant, the trial court specifically stated that the sentence imposed would be subject to diminution for good behavior. This error resulted in the trial court imposing an illegally lenient sentence on the defendant. *See State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244. "Pursuant to *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences." *State v. G.M.W.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461.

We amend the defendant's sentence to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). Furthermore, we instruct the trial court to make a notation in the minutes reflecting this amendment of the sentence.

**DISPOSITION**

For the foregoing reasons, we affirm the defendant's sentence in all respects. We amend the defendant's sentence to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537. We further instruct the trial court to make a notation in

5

the minutes reflecting this amendment.  We remand this matter to the trial court for

compliance with this instruction.

**SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2-16.3.