STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 07-524


STATE OF LOUISIANA

VERSUS

D.G.H.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C7056
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**BILLY HOWARD EZELL**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Billy Howard Ezell, Judges.


**CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED
FOR RESENTENCING.**


**Van Hardin Kyzar**
**District Attorney, Tenth Judicial District Court**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant/Appellant:**
**D.G.H.**

**EZELL, JUDGE.**

On May 29, 2003, the Defendant, D.G.H., was charged by bill of information with three counts of indecent behavior with a juvenile, in violation of La.R.S. 14:81, two counts of sexual battery, in violation of La.R.S. 14:43.1, and molestation of a juvenile, in violation of La.R.S. 14:81.2. The Defendant entered pleas of not guilt on July 18, 2003. On May 7, 2004, the Defendant withdrew his former pleas and entered pleas of guilty to two counts of indecent behavior with a juvenile. The remaining counts in the bill of information were dismissed and all counts in docket number C7704, violation of protective orders, were also dismissed.

On March 23, 2005, the Defendant filed a "Motion to Withdraw Plea of Guilty." The motion was denied in open court on April 20, 2005. The Defendant was subsequently sentenced to three years in the Department of Corrections.[1] A motion to reconsider sentence was filed on May 23, 2005, and denied on June 29, 2005.

A motion for out of time appeal was filed on April 12, 2006, and subsequently denied. The Defendant filed a writ with this court seeking review of the denial of his motion on April 26, 2006. In an opinion rendered on July 25, 2006, this court remanded the matter to the trial court for an evidentiary hearing to determine whether the Defendant was entitled to reinstatement of his right to seek appellate review. On October 25, 2006, the trial court granted an out-of-time appeal.

The Defendant is now before this court asserting one assignment of error. Therein, the Defendant contends the trial court erred in denying his motion to withdraw his guilty pleas. We find this assignment of error lacks merit.

---

[1]The record does not indicate the Defendant was sentenced on each count of indecent behavior with a juvenile.

1

The Defendant committed indecent behavior with a six-year-old girl and a ten-year-old girl.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are errors patent with the sentence imposed.

The minute entry of sentencing, which accurately reflects the transcript of the sentencing hearing, provides in pertinent part:

> THE COURT SENTENCED DEFENDANT TO 3 YEARS WITH THE DEPARTMENT OF CORRECTIONS. THE COURT ADVISED DEFENDANT THAT HE WAS ADVISED UNDER ARTICLE 894.1 OF THE CODE OF THE CRIMINAL PROCEDURE THAT HIS SENTENCE IS NOT SUBJECT TO DIMINUTION FOR GOOD BEHAVIOR.

Although the Defendant entered guilty pleas to two counts of indecent behavior with a juvenile, the trial court imposed only one sentence. Consequently, the Defendant's sentence is indeterminate and should be set aside and remanded to the trial court for resentencing on both counts of indecent behavior with a juvenile. *See* La.Code Crim.P. art. 879 and *State v. Hongo*, 625 So.2d 610 (La.App. 3 Cir. 1993), *writ denied*, 93-2774 (La. 1/13/94), 631 So.2d 1163.

Additionally, La.R.S. 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including indecent behavior with a juvenile, a violation of La.R.S. 14:81.

After imposing the sentence, the trial court stated in pertinent part: "[Y]ou are advised under Article 894.1(D) of the Code of Criminal Procedure . . . that your sentence is not subject to diminution for good behavior. This is an 85% sentence.

2

And Number 2, if the sentence imposed was not enhanced pursuant to R.S. 15:529.1 et. seq. . . ." Louisiana Code of Criminal Procedure Article 894.1(D)(1) requires the trial court to advise the defendant, immediately following the imposition of a felony sentence, "[w]hether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior." Pursuant to La.Code Crim.P. art. 894.1(D)(2), the court is also required to advise the defendant "[w]hether the sentence imposed was enhanced pursuant to La.R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law." We find the trial judge was simply complying with Article 894.1(D) when he informed the Defendant of his ineligibility for diminution of sentence. Consequently, the trial judge's statement was a mere advisement which resulted in the Defendant receiving an illegally lenient sentence.

Recently, this court addressed this issue in *State v. S.D.G.*, 06-174, pp. 4-5 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, 1247, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
> > We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make

3

a notation in the minutes reflecting the amendment.

Upon remand for resentencing, the trial court is instructed to deny the Defendant eligibility for diminution of sentence on both counts of indecent behavior with a juvenile.

## ASSIGNMENT OF ERROR

In his only assignment of error, the Defendant contends the trial court erred in failing to grant his motion to withdraw his guilty pleas.[2]

The Defendant, in his motion to withdraw his guilty pleas, set forth the following: "at the time Defendant entered the plea of guilty, he was under extreme emotional stress, was under the care of a physician, and his mental and physical state [sic] was such that he did not fully appreciate the consequences of his actions." The trial court denied the motion after a hearing.

> Louisiana Code of Criminal Procedure Article 559 states that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." The withdrawal of a guilty plea is within the broad discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. *State v. Blanchard*, 00-1147 (La.4/20/01), 786 So.2d 701.

*State v. Roe*, 05-116, p. 8 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, 1271, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163 (alteration in original).

In brief to this court, the Defendant asserts that it is apparent from the suddenness of the plea offered by the State that the deal was conditioned on the Defendant's accepting it immediately, so that the victims would not have to testify at the preliminary examination. The Defendant further asserts that when a man with paranoid personality disorder is presented with a decision he must make immediately,

---

[2]The Defendant pled guilty during his preliminary examination.

the pressure of the situation is likely to arouse his paranoia. Further, paranoid people often experience delusions which have no basis in reality. Someone whose world view is not based in reality cannot be said to have knowingly and intelligently entered into a plea. The Defendant further notes that at the time he entered his guilty plea he stated he was not taking medication; thus, his mental condition was untreated.

A report prepared by Dr. John Simoneaux was admitted at the hearing on the Defendant's motion. The report contains the following information:

> His scores are consistent with a paranoid orientation. People who score this way are usually very suspicious, angry, and brooding resentful. [D.G.H.] has a tendency to over-interpret situations as "directed at him." Most often these behaviors are clearly paranoid, with ideas of reference, projection as a primary defense mechanism, poor reality testing, and even delusions of persecution and/or grandeur.

> It seems very clear from this evaluation that he may be suffering from a Paranoid Personality Disorder which would suggest that he probably otherwise would look "fairly normal" but that he would tend to be very suspicions, mistrusting, presumptuous, and even irrational at times.

> The results of this evaluation suggest that [D.G.H.] may well pose a significant risk for future sexual acting out. This is particularly true with a sense that he continues to feel so much anger over how he perceives that he has been "wronged." Most of that anger is directed at the mother of his child and her family.

> It is difficult to imagine why he would have chosen to plead guilty to a crime that would have severely compromised his time with his child and then rescind that plea.

After accepting this report, the trial court denied the Defendant's motion, stating the following (alteration in original):

> the Court was of the opinion that he knew what he was doing, that he had time to meet with his attorney and reflect on what he was doing. My questions, asked very carefully, do you want to do this? Uh . . . among the questions the Court asks, the Boykinization that we go through probably takes fifteen (15) minutes, and uh, I . . . I advise him if he's had . . . if he's discussed what he's doing with his attorney. I tell him has he had enough time to talk with his attorney. I . . . I advise him

5

of the consequences, if he maintained his plea of not guilty. Asked him if anybody made any threats or promises to him, other the [sic] plea bargain . . . was anybody forcing him to do it. I asked the State if there was a sound factual basis for the offense. I asked Mr. Higgins, if it was his opinion, from the facts stated, that the uh, elements that constitute the crime that he was pleading to were present. Uh, I told him other consequences of his plea. And uh, I feel like he knew what he was doing, almost a year ago. That hasn't changed.

Dr. Simoneaux's report states the Defendant has delusions of persecution and/or grandeur. The report does not state these delusions interfered with the Defendant's ability to enter knowing and intelligent pleas of guilty or that medication is needed to control his "condition."

Prior to accepting the Defendant's guilty pleas, the trial court interrogated him. It informed the Defendant of the various rights he would forego by pleading guilty to the charges and ascertained that the Defendant fully understood the nature of the sentences negotiated pursuant to his plea bargain.

Based on the record, we find the Defendant's guilty pleas were valid, as they were both voluntarily and intelligently given; therefore, the trial court did not abuse its discretion when denying the Defendant's "Motion to Withdraw Plea of Guilty." Accordingly, this assignment of error lacks merit.

### CONCLUSION

The Defendant's convictions are affirmed. However, his sentence is vacated as indeterminate and the case remanded for resentencing on both counts of indecent behavior with a juvenile. Additionally, the trial court is instructed to deny the Defendant eligibility for diminution of sentence on both counts of indecent behavior with a juvenile.

**CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

6